CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DERRICK NEWMAN, ) | |
|     Plaintiff, ) | Case No. 7:23-cv-00431 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| DENZEL COOPER, et al., ) | Senior United States District Judge |
|     Defendants. ) | |

## MEMORANDUM OPINION

Derrick Newman, a former inmate proceeding pro se and in forma pauperis, filed this civil action under 42 U.S.C. § 1983 while he was still incarcerated. Following his release from prison, Newman filed an amended complaint against three correctional officials at the Northwestern Regional Adult Detention Center (NRADC): Transportation Sergeant Daniel Cooper, Correctional Officer Daniel Largent, and Transportation Captain Tana Jones. Having reviewed the amended complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I.  Background

According to the amended complaint, the events giving rise to this action occurred at the NRADC on June 8, 2022. Am. Compl., ECF No. 18, at 4. At approximately 4:00 a.m., Newman was instructed to pack his belongings because he was being moved to prison. Id. at 6. When it was time to leave, Newman told unidentified correctional officers that he had a "hip that was out of place" and that he needed a wheelchair. Id. The officers advised him to "just try to walk and take [his] time." Id. After stopping three times due to pain, Newman arrived in the booking area and was taken outside to a "paddy wagon" or police van. Id.

At that point, Newman encountered defendants Cooper and Largent. Id. Newman alleges that Cooper asked him if he would be able to climb the steps to the van and that he told Cooper that he could not do that. Id. Cooper and Largent subsequently gripped him by the arms and lifted him into the back of the van. Id.; see also id. at 4 ("I couldn't get in [the] vehicle, so they picked me up and lifted me up in the back."). When they arrived at the prison four hours later, Newman was in "a lot of pain." Id. at 6. He alleges that he had to sit on the floor of the van and scoot out of the vehicle on his buttocks. Id. He fell down twice upon arriving at intake and was taken to the medical department, where he received a wheelchair. Id. at 6. Newman alleges that he continues to use a wheelchair to this day. Id.

Newman claims that Cooper and Largent "deprive[d]" him of "medical care" by transporting him in a vehicle that was not handicap-accessible. Id. at 2; see also id. at 7 ("I'm asking the courts to grant me $350,000. They were not allowed to transfer me in that vehicle."). The court liberally construes the amended complaint to assert an Eighth Amendment claim of deliberate indifference to serious medical needs and a claim for compensatory damages under the Americans with Disabilities Act (ADA).

## II.     Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006). The court must dismiss a case "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still state a claim to relief that is plausible on its face." Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (internal quotation marks omitted).

## III. Discussion

### A. Eighth Amendment Claim under Section 1983

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, because liability is "determined person by person," a plaintiff must show that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023) (internal quotation marks omitted).

Newman claims that Cooper and Largent acted with deliberate indifference to his serious medical needs by transporting him in a police van that was not handicap-accessible. An Eighth

3

Amendment claim of deliberate indifference has an objective and a subjective component. Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). "The objective element requires a serious medical condition," and "[t]he subjective prong requires the prison official to have acted with a sufficiently culpable state of mind, specifically, deliberate indifference" to an inmate's health or safety. Langford v. Joyner, 62 F.4th 122, 124 (4th Cir. 2023) (internal quotation marks omitted).

Deliberate indifference is an "exacting standard" that is not met by a showing of "mere negligence or even civil recklessness." Jackson, 775 F.3d at 178. An official acts with deliberate indifference to an inmate's serious medical needs "only when he or she subjectively 'knows of and disregards an excessive risk to inmate health or safety.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Specifically, the official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also draw the inference." Farmer, 511 U.S. at 837. "And, in addition to subjectively recognizing that substantial risk, the [correctional] official must subjectively be aware that [the official's] actions were inappropriate in light of that risk." Cox v. Quinn, 828 F.3d 227, 236 (4th Cir. 2016); see also Moss v. Harwood, 19 F.4th 614, 624 (4th Cir. 2021) ("[U]nder the subjective prong, [the plaintiff] can prevail only if the defendants subjectively recognized that there was such a risk [of serious harm] and that their actions were inappropriate in light of that risk.") (internal quotation marks omitted).

Applying these principles, the court concludes that the amended complaint fails to state a plausible Eighth Amendment claim against Cooper and Largent. Even assuming that Newman's hip impairment satisfies the objective component, the amended complaint does not set forth sufficient facts from which the court can reasonably infer that these defendants knew

4

that Newman faced a substantial risk of serious harm from being transported in the police van and consciously disregarded that risk. At most, the allegations could support a claim of negligence against Cooper and Largent, which is not actionable under the Eighth Amendment. See Mixson v. Moran, 1 F.4th 297, 303 (4th Cir. 2021) ("[M]ere negligence is not enough to show deliberate indifference."); see also Hunt v. Warden, 748 F. App'x 894, 899 (11th Cir. 2018) ("Plaintiff alleges that Defendants violated the Eighth Amendment's prohibition on cruel and unusual punishment by transporting him to FCC Coleman in a non-wheelchair-accessible van without a seatbelt . . . . We agree with the district court that Plaintiff's allegations do not state a claim under the Eighth Amendment . . . . Defendants' conduct in not providing a van with greater safety features does not constitute 'more than ordinary lack of due care' and does not rise to something more than negligence.") (quoting Farmer, 511 U.S. at 835).

Newman also names Tana Jones as a defendant. Aside from the list of defendants, however, the amended complaint does not mention Jones and therefore does not provide any indication as to what Jones did to allegedly violate Newman's constitutional rights. Therefore, the amended complaint also fails state a claim under § 1983 against Jones. See Iqbal, 556 U.S. at 676 (explaining that a plaintiff in a § 1983 action must plead that the defendants, through their own individual actions, violated the Constitution); see also Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.").

### B. ADA Claim

"Title II of the ADA provides that no qualified individual shall, 'by reason of [a] disability,' be denied the benefits of public 'services, programs, or activities' or be subject to discrimination by a public entity." Fauconier v. Clarke, 966 F.3d 265, 276 (4th Cir. 2020) (alteration in original) (quoting 42 U.S.C. § 12132). "To make out a basic ADA violation, [a plaintiff] must show that he: (1) has a disability; (2) was otherwise qualified to get some public program, service, or activity; and (3) was denied that program, service, or activity on the basis of his disability." Koon v. North Carolina, 50 F.4th 398, 405 (4th Cir. 2022). The third prong may be satisfied by "a failure to make reasonable accommodations." Id. (internal quotation marks omitted). More specifically, "disability discrimination includes the failure to provide reasonable modifications that would make accommodations accessible to the disabled without causing an undue burden to the program." Id. at 406.

"[T]he proper defendant under a Title II claim is the public entity or an official acting in his official capacity." Everson v. Leis, 556 F.3d 484, 501 n.7 (6th Cir. 2009). "Title II of the ADA does not . . . provide for suit against a public official acting in his individual capacity." Id. (collecting cases); see also Barnes v. Young, 565 F. App'x 272, 273 (4th Cir. 2014) (same). Additionally, under the ADA, plaintiffs can only recover compensatory damages for intentional discrimination. Koon, 50 F.4th at 400. Although the showing that requires is an "open question" in the Fourth Circuit, "it at least requires deliberate difference to the prisoner's federally protected rights." Id.

Against this backdrop, the court concludes that the amended complaint fails to state a plausible claim for compensatory damages under the ADA. Even assuming that Newman

6

intended to sue the defendants in their official capacities and that he could state a plausible claim for violation of the ADA, he has not alleged facts sufficient to establish that any of the defendants "deliberate[ly] or conscious[ly]" ignored his statutory rights by transporting him to prison in a standard police van. Id. at 406; see also id. at 407 ("An official must know of the dangers to federal rights and nonetheless disregard them."). While Newman alleges that he should have been transported in a more handicap-accessible vehicle, "[i]t is not enough simply to point to what could or should have been done." Id. at 406. "That is the language of negligence," not deliberate indifference. Id.; see also Basta v. Novant Health Inc., 56 F.4th 307, 317 (4th Cir. 2022) (emphasizing that deliberate indifference in this context "requires much more than a showing of pure negligence"). Consequently, the court concludes that the amended complaint fails to state a claim for compensatory damages under the ADA against any of the defendants.

## IV.   Conclusion

For the foregoing reasons, this case is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Based on Newman's status as a pro se litigant, the court will allow him an opportunity to file an amended complaint within 30 days.

An appropriate order will be entered.

Entered: January 2, 2025

Mike Urbanski
Senior U.S. District Judge
2025.01.02 20:09:25
-05'00'

Michael F. Urbanski
Senior United States District Judge